UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUIS JORGL, III,

    Plaintiff,

v.                                                             CASE NO. 8:19-cv-2206-T-23AEP

YOUNG MEN'S CHRISTIAN
ASSOCIATION OF THE
SUNCOAST, INC.,

    Defendant.
_____/

**<u>ORDER</u>**

Suing (Doc. 1-1) under the Americans with Disabilities Act (Count I) and the Florida Civil Rights Act (Count II), Louis Jorgl claims that by failing to eliminate certain "barriers" the Clearwater YMCA discriminates against Jorgl on the basis of his blindness. Also, Jorgl sues the YMCA for failing to train employees to eliminate these barriers (Count III). Arguing that Jorgl has failed to exhaust the administrative remedy, the YMCA moves to dismiss the FCRA claim for "lack of subject-matter jurisdiction." Also, arguing that Jorgl has failed to identify an "underlying common law tort," the YMCA moves to dismiss the claim for negligent training, supervision, and retention.

**BACKGROUND**

The complaint alleges the following facts, which are presumed true in resolving the YMCA's motion to dismiss. Jorgl suffers from a "progressive

condition" that has deprived Jorgl of peripheral vision and has left Jorgl with a "visual acuity" of less than one percent. (Doc. 1-1 at ¶ 29) To avoid hazards, Jorgl relies on a cane and his other senses. (Doc. 1-1 at ¶ 30) For the last ten years, Jorgl has regularly used the YMCA's exercise facilities. (Doc. 1-1 at ¶ 34)

In Counts I and II, Jorgl claims under the ADA and the FCRA that the YMCA refuses to eliminate "barriers" in the fitness center, the locker room, the swimming pool, and the common area. In the fitness center, the YMCA allegedly arranges exercise machines without sufficient intervening space, tolerates other patrons' exercising between machines, and permits exercise machines and other equipment to protrude onto walkways. (Doc. 1-1 at ¶ 41(a)) Other patrons have accidentally struck Jorgl with exercise equipment, and Jorgl has collided with other patrons and tripped over their belongings. (Doc. 1-1 at ¶ 41(a)) In the "common area," the YMCA allegedly permits children to block walkways, neglects to warn Jorgl about pending construction, and fails to install windows on doors that open into the common area. (Doc. 1-1 at ¶ 41(b)) Jorgl has allegedly tripped over children, walked into a construction ladder, and collided with a windowless door opened by another patron. (Doc. 1-1 at ¶ 41(b)) In the locker room, the YMCA allegedly permits guests and staff to move benches in front of lockers and permits locker doors to remain open. (Doc. 1-1 at ¶ 41(c)) Jorgl regularly collides with open locker doors and occasionally cannot find an accessible locker. (Doc. 1-1 at ¶ 41(c)) And at the swimming pool, the YMCA allegedly fails to provide Jorgl a reasonable opportunity to swim in a lane free of other swimmers. (Doc. 1-1 at ¶ 41(d)) Jorgl

has collided with other swimmers "many times." (Doc. 1-1 at ¶ 41(d)) Further, Jorgl alleges that once an employee of the YMCA incited a patron to "verbally abuse" Jorgl about his blindness. (Doc. 1-1 at ¶ 70)

Although the YMCA allegedly ignores Jorgl's complaints about these "barriers to access," Jorgl remains a member of the YMCA. (Doc. 1-1 at ¶¶ 19–21) Jorgl claims that he has suffered personal injury and emotional distress because of the YMCA's alleged indifference to his blindness. (Doc. 1-1 at ¶ 42)

## DISCUSSION

Moving to dismiss, the YMCA argues that Jorgl has failed to exhaust the administrative remedy before suing under the FCRA (Count II) and that Jorgl fails to state a claim for negligent training, supervision, and retention (Count III). No challenge to the ADA claim (Count I) appears.

### A. The administrative remedy under the FCRA

Under Section 760.11, Florida Statutes, a plaintiff must file a complaint with the Florida Commission on Human Relations before suing for disability discrimination under the FCRA. Further, under Section 760.11, the plaintiff may not sue unless (1) the Commission finds "reasonable cause" to believe that discrimination occurred, (2) the Commission finds no "reasonable cause" and the plaintiff timely requests a re-hearing, or (3) the Commission fails to issue a determination within 180 days.

In the motion (Doc. 6) to dismiss, the YMCA argues that Jorgl cannot have exhausted the administrative remedy because Jorgl filed a discrimination complaint

with the wrong agency. The YMCA appends (Doc. 6-1) a discrimination complaint that Jorgl filed with the Pinellas County Office of Human rights and argues that, because the county office is not the Commission, Jorgl has failed to exhaust the administrative remedy.

In a declaration appended (Doc. 12) to his response (Doc. 11), Jorgl attests that, besides filing a complaint with the county office, Jorgl submitted to the Commission an on-line "Technical Assistance Questionnaire for Public Accommodation Complaints." (Doc. 12-1 at ¶ 4) Jorgl, who reportedly retains no copy of the questionnaire submitted to the Commission, contends that submitting this questionnaire constitutes the filing of a complaint. Also, Jorgl appends a June 28, 2019 letter (Doc. 12-1) sent by the Commission after Jorgl's counsel requested dismissal of the "complaint" due to the Commission's failure to issue a determination within 180 days. The June 28, 2019 letter, entitled "Notice of Dismissal," calls Jorgl a "Complainant," states that Jorgl "has voluntarily indicated a desire to withdraw this complaint from the Commission," and dismisses "FCHR No. 201916942." (Doc. 11-1 at 1)

In reply (Doc. 18), the YMCA argues that the questionnaire cannot constitute a complaint because Section 760.11(1), Florida Statutes, requires the Commission to mail the complainant and the respondent a copy of the complaint within five days after filing, but the YMCA reports that neither Jorgl nor the YMCA have received from the Commission a copy of the questionnaire. Also, the YMCA argues that the questionnaire cannot constitute a complaint because Section 60Y-3.001(4), Florida

Administrative Code, requires the complainant to both verify and sign the complaint, but a questionnaire reportedly requires neither verification nor a signature. (Doc. 18 at 2) In a sur-reply (Doc. 24), Jorgl argues (1) that the questionnaire and the June 28, 2019 letter from the Commission demonstrate that Jorgl "plausibly" exhausted the administrative remedy and (2) that the YMCA's arguments in the reply are "not appropriate for a motion to dismiss and would require additional discovery . . . ."

Because Jorgl adequately pleads[1] exhaustion of the administrative remedy and because the parties' papers and appended material confirm the existence of a factual dispute, Jorgl is entitled to a "sufficient opportunity to develop a record." *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). After the closure of discovery, the YMCA may challenge in a motion for summary judgment Jorgl's purported exhaustion of the administrative remedy.[2]

---

[1] Rule 9(c), Federal Rules of Civil Procedure, permits a plaintiff "to allege generally that all conditions precedent have occurred or been performed." This license to allege "generally" extends to "civil rights actions, in which resort to conciliation proceedings or other administrative processes may be a statutory condition precedent to court proceedings . . . ." *Moore's Federal Practice*, Vol. 2 § 9.04 (3d ed. 2019). Jorgl's concise allegation that "[a]ll conditions precedent to filing this action have occurred" satisfies the pleading requirements of Rule 9(c), and the complaint contains no contradictory allegation. *Myers v. Central Fla. Invs., Inc.*, 592 F.3d 1201, 1224–1225 (11th Cir. 2010) (finding sufficient the allegation that the plaintiff had "fulfilled all conditions precedent to institution of this action.") However, Jorgl is reminded that the permissiveness of Rule 9(c) "does not trump Rule 11." *Moore's Federal Practice*, Vol. 2 § 9.04.

[2] Also, Jorgl requests (Doc. 11 at 16) judicial notice of the "dismissal" letter from the Commission and of the fact that "FCHR Complaint No. 201916942 was filed against the Clearwater YMCA." Rule 201(b)(2), Federal Rules of Evidence, permits judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The YMCA "reasonably questions" both the accuracy of the assertion in the Commission's apparently boilerplate "dismissal" letter and the accuracy of Jorgl's proffered inference that, because the letter dismisses "Complaint No. 201916942," Jorgl's questionnaire constitutes a "complaint" under Section 760.11, Florida Statutes.

**B.     Negligent Training, Supervision, and Retention**

The YMCA argues that Jorgl fails to state a claim for negligent training, supervision, and retention because Jorgl fails to identify a tort cognizable under Florida's common law.  "Under Florida law, the underlying wrong allegedly committed by an employee in a negligent supervision or negligent retention claim must be based on an injury resulting from a tort which is recognized under common law." *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1348 (M.D. Fla. 1999) (Kovachevich, J.) (citations omitted).  Although acknowledging that Florida's common law recognizes no cause of action for disability discrimination (Doc. 11 at 15), Jorgl argues belatedly in his briefing that the conduct of the YMCA's employees could sustain a cause of action for battery, assault, and negligence.  Jorgl contends that by permitting locker doors to remain open, by conducting exercise classes in walkways, by failing to advise Jorgl about broken equipment and pending construction, and by failing to provide Jorgl reasonable access to an exclusive swimming lane, unnamed employees of the YMCA have either intentionally or negligently subjected Jorgl to harmful physical contact.

Count III, however, alleges no such tort theory of liability and instead alleges that the YMCA "does not meaningfully train its Clearwater YMCA employees regarding the proper, non-discriminatory treatment of disabled patrons" and that the YMCA "owes Jorgl a duty as a member of [the] YMCA . . . to refrain from negligently training, supervising, and retaining employees in a fashion that causes or permits them to discriminate against Jorgl." (Doc. 1-1 at ¶¶ 63–64)  Although Jorgl

in his briefing relies on other allegations purportedly demonstrating the negligence of the YMCA's employees, Count III fails to fairly notify the YMCA about this belated theory of employee negligence.[3] That is, Count III fails to fairly notify the YMCA about the time or place of the incidents allegedly resulting from employee negligence, about the identities of the allegedly negligent employees, or about any facts plausibly suggesting that an employee breached the duty of care under Florida's common law. Count III asserts disability discrimination only. *See Freese v. Wuesthoff Health Sys., Inc.*, 2006 WL 1382111, at *9 (M.D. Fla. 2006) (Presnell, J.) (compiling authority confirming that the failure to train employees to prevent harassment and discrimination is not actionable under Florida's common law).[4]

## CONCLUSION

The YMCA's motion (Doc. 6) to dismiss Counts II and III is **GRANTED-IN-PART**, and Count III is **DISMISSED** for failure to state a claim. No later than **FEBRURARY 7, 2020**, Jorgl may amend Count III to state a plausible claim for negligent training, supervision, and retention. No other amendment is permissible

---

[3] Also, Jorgl alleges that employees of the YMCA have subjected Jorgl to "battery" and "assault." These torts require intentional conduct, but Jorgl alleges no facts suggesting that by failing to eliminate Jorgl's sources of frequent collision the YMCA's employees either intentionally subjected Jorgl to, or threatened Jorgl with, harmful contact. *City of Miami v. Sanders*, 672 So. 2d 46, 47 (Fla. 3d DCA 1996) (holding battery requires "intentional affirmative conduct and cannot be premised upon an omission or failure to act."); *Canon v. Thomas ex rel. Jewett*, 133 So. 3d 634, 639 (Fla. 1st DCA 2014) (holding that assault requires an "intentional" threat of harmful contact.)

[4] The YMCA argues that the allegations on which Jorgl belatedly relies identify no "physical impact," a necessary element for emotional-distress damages. Jorgl alleges that the negligence of the YMCA's employees has caused Jorgl to collide with exercise equipment and open locker doors, to trip over patrons and children, and to crash into other swimmers. These allegations identify a physical impact. *Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846, 850 (Fla. 2007) ("The essence of impact, then, it seems, is that the outside force or substance, no matter how large or small, visible or invisible, and no matter that the effects are not immediately deleterious, touch or enter into the plaintiff's body") (quoting *Eagle–Picher Industries, Inc. v. Cox*, 481 So. 2d 517 (Fla. 3d DCA 1985)).

absent leave granted in advance.  Jorgl's request (Doc. 11 at 16) for judicial notice is **DENIED**.

ORDERED in Tampa, Florida, on January 27, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE