**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LOUIS JORGL, III

      Plaintiff,

v.

YOUNG MEN'S CHRISTIAN ASSOCIATION
OF THE SUNCOAST, INC. d/b/a
CLEARWATER YMCA,

      Defendant.

Case No. 8:19-cv-02206-SDM-AEP

_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
COUNT III OF PLAINTIFF'S AMENDED COMPLAINT
OR, IN THE ALTERNATIVE, MOTION TO AMEND**

Plaintiff LOUIS JORGL, III ("Mr. Jorgl") by and through his undersigned counsel, herby opposes Defendant YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE SUNCOAST, INC. d/b/a CLEARWATER YMCA's Motion to Dismiss Count III of Plaintiff's Amended Complaint [D. 26]. This opposition establishes that Count III adequately pleads a cause of action for negligent training, retention and supervision. Count III cannot be dismissed because it sets forth each of the required elements, allegations establish that Mr. Jorgl suffered injuries from YMCA employees' breach of the duty to inspect for unsafe conditions, maintain the premises in a safe condition and to warn of unsafe conditions and, despite knowing of its employees' repeated failures to inspect, creation of unsafe conditions and failure to warn of hazards, did not supervise and/or continued to retain employees that created the unsafe conditions. In the alternative, Mr. Jorgl moves this Court to grant leave for him to amend his Amended Complaint to the version attached hereto as Exhibit

1

"A." The grounds for this opposition and motion are more fully set forth in the following Memorandum of Law.

## STATEMENT OF RELEVANT FACTS & PROCEDURE

Mr. Jorgl was born with a progressive condition that has left him legally blind and with no peripheral vision. *See* D. 26 ¶ 29. Mr. Jorgl's visual acuity is less than one percent of that of a non-disabled person and his field of vision is limited to things straight ahead of him. *See id.* In addition to affecting his ability to see, Mr. Jorgl's ability to work is limited. *See id.* ¶ 31.

YMCA Clearwater offers the surrounding community access to a gymnasium, fitness center, pool, recreation center and community center. *See id.* ¶ 19, 61-63, 68. Its trainers and staff are introduced to members to facilitate services and programs including aerobics, personal training clinics, swimming programs, as well as to instruct members on safe use of their equipment and more. *See id.* ¶¶ 19, 61-63, 68.

Over the last ten years, Mr. Jorgl has been a paying member of and has patronized the Clearwater YMCA. *See id.* ¶¶ 34. 37. Over the course of his membership, the Clearwater YMCA has introduced its trainers and staff to Mr. Jorgl and other guests, each of whom were properly located on its premises. *See id.* ¶¶ 61-62. Mr. Jorgl relied on the trainers and staff to access and use the equipment, services and programs. *See* D. 26 ¶ 61.

Over the years, Mr. Jorgl's use and enjoyment of the facilities has been impeded by unsafe condition arising from discriminatory practices including employees and staff arranging equipment and equipment components to protrude in to walkways, halls, corridors, passageways and aisles; holding classes or allowing exercise in fitness center walkways; using walkways, halls, corridors, passageways and aisles to store bags, gear and equipment; failing to provide notice of damaged equipment; placing obstructions in common area hallways and walkways; blocking

walks, halls, corridors, passageways and aisle with seated children and their belongings; failing to provide notice of maintenance and construction efforts in common areas thereby creating hazards; blocking lockers with benching and seating as well as using the areas for programs and functions which create dangerous conditions; leaving locker doors open and protruding creating dangerous conditions; allowing swimmers to access the disabled swim lane thereby creating a danger and verbally abusing Mr. Jorgl in the facility. *See id.* ¶¶ 41(a)(2)-(4), (7), 41(b)(1)-(2), (6), 41(c)(3)-(5), 41(d)(3), 41(e), 68(a)(2)-(4), (7), 68(b)(1)-(3), (6), 68(c)(3)-(5), 68(d)(3), 68(e). Commonly, the barriers, discriminatory policies and discriminatory procedures result from the actions of Clearwater YMCA guests and employees.

Over time, Mr. Jorgl repeatedly advised Clearwater YMCA management, trainers and staff about the barriers identified herein. *See id.* ¶¶ 74-75. Despite notifying the YMCA of its employee's actions, Clearwater YMCA has consistently ignored Mr. Jorgl's protestations and failed to take action. *See id.* ¶ 75-76. His repeated protest made the Clearwater YMCA aware of or they should have been aware of its employees acts of discrimination that created safety hazards during the course and scope of their employment and their unfitness to work at a place of public accommodation. *See id.* ¶¶ 68, 75-76. Not only did the Clearwater YMCA fail to act against the repeated discrimination, it knowingly tolerated the safety issues and abuse. *See id.* ¶¶ 76-77. As a result of the YMCA's failure to supervise and retrain employees, Mr. Jorgl has been physically injured and has had to undergo physical struggle, embarrassment, humiliation, anxiety, apprehension and fear. *See id.* at 71.

Mr. Jorgl filed his Complaint for Injunctive Relief & Damages with the Sixth Judicial Circuit in and for Pinellas County Florida on August 6, 2019 seeking damages and injunctive relief to stop the Clearwater YMCA's continued discrimination. *See* D 1-1. The Complaint alleged

cause of actions including violation of Title III of the Americans with Disabilities Act ("ADA"), violations of the Florida Civil Rights Act ("FCRA"), and negligent training, supervision and retention. On September 3, 2019, Defendant Clearwater YMCA removed the action to this Court. *See id.* It filed an answer to Count I [D. 5] and moved to dismiss Counts II and III [D. 6] on September 10, 2019. The Court denied the Motion to Dismiss as to Count II, which was subsequently answered, and granted the motion to dismiss as to Count III with leave to amend. *See* Order [D. 25], Partial Answer [D 28]. The Order specifically found that Plaintiff

> Fail[ed] to fairly notify the YMCA about this belated theory of employee negligence. That is, Count III fails to fairly notify the YMCA about the time or place of the incidents allegedly resulting from employee negligence, about the identities of the allegedly negligent employees, or about any facts plausibly suggesting that an employee breached the duty of care under Florida's common law.

Order [D. 25] at p. 7.

Mr. Jorgl filed his Amended Complaint for Injunctive Relief & Damages on February 7, 2020. *See* Amended Complaint [D. 26]. The YMCA filed its Motion to Dismiss Count III thereafter. *See* Partial Motion to Dismiss Count III [D. 27]. Should the Court grant Defendant's motion to dismiss, Plaintiffs move for consent to file the proposed Second Amended Complaint attached hereto as Exhibit "A."

### I. STANDARD FOR MOTION TO DISMISS

This Court has been asked to review a Motion to Dismiss under Rule 12(b)(6) which allows the dismissal of an action if the Complaint fails to state a claim upon which relief can be granted. A plaintiff establishes a right to relief enough to survive a motion to dismiss by pleading facts sufficient to raise a reasonable expectation that his claim is "plausible", i.e., discovery will reveal evidence to establish the alleged cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Plausibility does not require proof that the Plaintiff will ultimately prevail but proof

4

that establishes it is entitled to offer evidence to support claims. *See id.* at 563. Even if the Court believes that recovery is remote and unlikely, a well-pleaded complaint may proceed. *See id.* A plausibility review is context specific requiring the Court to draw on its judicial experience and common sense. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Considering judicial experience and common sense and construing all factual allegations in the light most favorable to the non-moving party, a complaint is plausible if its factual content allows a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 1949; *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

  II.  **ARGUMENTS & AUTHORITIES**

    **A. Mr. Jorgl's complaint alleges facts sufficient to state a claim for negligent supervision and retention.**

Mr. Jorgl's claim for negligent training, supervision and retention satisfies all of the requirements necessary to withstand this dismissal. In its Order, this Court relied on authorities recognizing that negligent supervision and negligent retention claims must be based on an injury resulting from a tort which is recognized under common law. Mr. Jorgl's amended complaint establishes that the injury providing the basis of his negligent supervision and retention claims arises from Defendant's employee's negligence.

Mr. Jorgl's complaint sets forth allegations sufficient to state a claim that Clearwater YMCA was negligent. In Florida, negligence is established by evidence that the defendant had a duty to protect the plaintiff, the defendant breached that duty and the defendant's breach was the proximate cause of the Plaintiff's injuries and resultant damages. *See Babalola v. Wal-Mart Stores East, LP*, 2015 WL 224663 (M.D. Fla. Jan. 15, 2015). A business owner has a duty to use reasonable care in maintaining its premises in a reasonably safe condition and a duty to warn its business invitees of concealed perils of which it has or should have knowledge and could not have

been discovered through the use of ordinary care.[1]  *See id.*  The YMCA has a duty to inspect to ensure that its premises are safe or that hazards are discovered and warned against.  *See Frede v. J.C. Penney Corp., Inc.*, 2007 WL 2254513, *2 (M.D. Fla. Aug. 3, 2007) (explaining store had duty to inspect to ensure escalators were safe or, at least, that hazards were discovered and warned against), *Food Lion, LLC v. Monument/Julington Assoc. Ltd. P'ship*, 939 So.2d 1106, 1107-08 (Fla. 1st DCA 2006) (reversing summary judgment for fact-finder to determine if landowner breached duty to use reasonable care to maintain property).  Indeed, as a business invitee, Mr. Jorgl could assume that the Clearwater YMCA premises are safe for his use.  *See Sagesser v. Sears, Roebuck & Co.*, 230 F. 2d 806, 898 (5th Cir. 1956) (explaining a patron invited to portion of a premises can assume that the premises are safe), *Phillips Petroleum Co. v. Hooper*, 164 F.2d 743, 745 (5th Cir. 1947) (explaining plaintiff was under no obligation to anticipate premises were dangerous).

     Clearwater YMCA's employees breached the duty owed to Mr. Jorgl by arranging equipment and equipment components to protrude into walkways, halls, corridors, passageways and aisles; holding classes or allowing exercise in fitness center walkways; using walkways, halls, corridors, passageways and aisles to store bags, gear and equipment; failing to provide notice of damaged equipment; placing obstructions in common area hallways and walkways; blocking walks, halls, corridors, passageways and aisles with seated children and their belongings; failing to provide notice of maintenance and construction efforts in common areas thereby creating hazards; blocking lockers with benching and seating as well as using the areas for programs and functions which create dangerous conditions, leaving locker doors open and protruding creating

---

1 Whether the conditions were open and obvious are questions of fact to be determined by the factfinder not through a motion to dismiss.  *See Kopf v. City of Miami Beach*, 653 So. 2d 1046, 1046 (Fla. 3rd DCA 1995).

dangerous conditions; allowing swimmers to access the disabled swim lane thereby creating a danger and verbally abusing Mr. Jorgl in the facility. *See* Amended Complaint ¶¶ 68(a)(2)-(4), (7), 68(b)(1)-(3), (6), 68(c)(3)-(5), 68(d)(3), 68(e). The Amended Complaint also alleges that Mr. Jorgl suffered personal injuries as well as having to undergo undue physical effort and struggle, embarrassment, humiliation, anxiety, apprehension and fear. *See* Amended Complaint ¶¶ 70-71.

To establish the element of breach in the negligent retention and supervision of an employee, Mr. Jorgl need only establish that "once an employer received active or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action." *Garcia v. Duffy*, 492 So. 435, 438, 441 (Fla. 2nd DCA 1986). Mr. Jorgl provided direct notice to the Clearwater YMCA of its employees' improper actions and Clearwater YMCA should have otherwise known of the breaches. *See* D. 26 ¶¶ 74-75. Having received repeated notice of the recurring barriers and inappropriate practices which caused Mr. Jorgl injury, it is unreasonable that Clearwater YMCA failed to investigate the claims or take corrective action.

Despite being given notice of YMCA's employees' actions and lack of care, Mr. Jorgl has collided with equipment and obstructions, *see id.* ¶¶ 68(a)(2), 68(b)(1), 42(a); has been struck by patrons using equipment, *see id.* ¶¶ 68(a)(2), 42(a), (c); has fallen on or over patrons, children and their gear, *see id.* ¶¶ 68(a)(3)-(4), 68(b)(2), 42(a), (c); unintentionally struck patrons and children with his cane, *see id.* ¶¶ 68(a)(3), 68(b)(2); has had his cane become entangled in and broken by equipment and gear, *see id.* ¶¶ 68(a)(4), 42(c); has been injured by damaged equipment, *see id.* ¶¶ 68(a)(7), 42(b); has collided into sharp metal edges of locker doors, *see id.* ¶¶ 68(c)(5), 42(a), (e); and has walked into a ladder, amidst coaxial cables and under a boom crane, *see id.* ¶ 68(b)(6). As

7

a result of Clearwater YMCA's staff's lack of supervision at the pool, Mr. Jorgl has collided with swimmers in the pool. *See id.* ¶¶ 68(3), 42(f).

Construing all allegations as true and in favor of Mr. Jorgl, it is unreasonable that Clearwater YMCA has not taken appropriate steps to supervise their employees and dismiss such employees as necessary to ensure safe conditions at its facility. Additionally, the allegations establish that he has suffered physical injury from Suncoast YMCA's employee's conduct as well as anxiety. *See id.* ¶ 49(c). Mr. Jorgl's claim for negligent supervision cannot be dismissed. *See Johnson v. Galencare, Inc.*, 2014 WL 6674622, *4-5 (M.D. Fla. Nov. 24, 2014) (denying motion to dismiss where workplace discrimination alleged with basis in assault and battery and with evidence of discernable physical injury and illness).

### III.     MOTION TO AMEND COMPLAINT

In the alternative, Mr. Jorgl moves this honorable Court to allow him to amend his complaint to the version attached hereto as Exhibit "A." Leave of court to amend a pleading should be freely given when justice so requires. *See* Fed. R. Civ. Pro. 15(a). Suncoast YMCA will not be prejudiced by this amendment because no responsive pleading has been filed with respect to Count III. *See Williams v. Bd. of Regents of U. Sys. Of Ga.*, 477 F. 3d 1282, 1292 (11th Cir. 2007) (reversing trial court that refused amendment of complaint when opposing party had not yet filed a responsive pleading).

### IV.     CONCLUSION

Based on the foregoing, LOUIS JORGL, III's Amended Complaint alleges a viable claim for negligent training, supervision and retention. Plaintiff LOUIS JORGL, III respectfully requests that this court deny the defendants Motion to Dismiss. In the alternative, if the Court should grant

defendant's motion, LOUIS JORGL, III requests to be given an opportunity to further amend the Amended Complaint to the version attached hereto as Exhibit "A."

Respectfully submitted,

**DOGALI LAW GROUP, P.A.**

 /s/ *Barbara U. Uberoi*
Andy Dogali, Esq.
Fla. Bar No.: 0615862
Barbara U. Uberoi, Esq.
Fla. Bar No.: 0145408
401 East Jackson St., Suite 1825
Tampa, FL 33602
(813) 289-0700
adogali@dogalilaw.com
buberoi@dogalilaw.com
lfair@dogalilaw.com
reception@dogalilaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by CM/ECF this 6th day of March 2020 to all parties who have requested notice via electronic filing.

**DOGALI LAW GROUP, P.A.**

 /s/ *Barbara U. Uberoi*
Barbara U. Uberoi